# SHAW, PERELSON, MAY & LAMBERT, LLP
ATTORNEYS AT LAW
21 VAN WAGNER ROAD
POUGHKEEPSIE, NEW YORK 12603
(845) 486-4200
FAX (845) 486-4268

WESTCHESTER OFFICE
115 STEVENS AVENUE
VALHALLA, NEW YORK 10595
(914) 741-9870
FAX (914) 741-9875

STEPHEN A. PERELSON (1941-2002)
DAVID S. SHAW
MARGO L. MAY
MICHAEL K. LAMBERT
MARC E. SHARFF
BETH L. HARRIS
STEVEN M. LATINO
JULIE M. SHAW
------
GARRETT L. SILVEIRA
ELIZABETH A. LEDKOVSKY
ZACHARY A. A. TAYLOR

MARK C. RUSHFIELD *
OF COUNSEL
JOHN E. OSBORN
OF COUNSEL

\* *also admitted in New Jersey*

December 30, 2020

*Via ECF*
Hon. Vincent Briccetti, United States District Court Judge
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:  **Melton v. Poughkeepsie CSD, Index No. 19 CV 09755 (VB)(LMS); Letter response as per December 22, 2020 Order of the Court**

Dear Judge Briccetti:

This office represents the defendant school district and is in receipt of both the pro se Plaintiff's letter to the Court Re: "'Destruction of evidence' Amendments to Attachment A, B, and C" and your Honor's December 22, 2020 memorandum Order requiring a response by this office by January 4, 2021.

As concerns the Plaintiff's allegations of destruction of evidence, since the Plaintiff had initially sought to raise her claims in the above-referenced action in the earlier action referenced by the Plaintiff in her letter (i.e., 16-CV-9701), the original hold letter from the earlier action was never withdrawn and the District was advised to continue to comply with it with regard to the Plaintiff. I have contacted our client concerning the vague and ambiguous claims of the plaintiff concerning alleged destruction of evidence and our client claims to have no knowledge of what the Plaintiff is referring to or of any destruction of any evidence that might be relevant to the Plaintiff's claims. I do not believe the Plaintiff's other spurious allegations warrant a response.

The Plaintiff's letter and enclosures do, however, raise another issue. It appears that the Plaintiff is attempting to amend her Complaint by additions or revisions to Attachments A, B and C to the Complaint, but does not include the complete amended Complaint and does not set forth

in the attachments the separate statements required by Fed. R. Civ. P. 10(b), which, for Plaintiff's edification, provides that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rather than engaging in motion practice with a pro se plaintiff, before being obligated to respond to what the Plaintiff has now filed with the Court as new Attachments A, B and C, it is requested that the Court direct the Plaintiff, if her intention is to amend her Complaint, to file with the Court a complete Amended Complaint that complies with Fed. R. Civ. P. 10(b).

  Thank you for your consideration of the above.

        Very truly yours,

        **SHAW, PERELSON, MAY & LAMBERT, LLP**

        **BY: _____/S/_____**
          **MARK C. RUSHFIELD, ESQ.**

MCR/hs
cc: Carol Melton via email and ecf.