

Deft's Exhibit
X
5/28/21 - K. Reed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAROL MELTON,

                Plaintiff,

-against-

POUGHKEEPSIE CITY SCHOOL DISTRICT,

                Defendant.

AFFIDAVIT IN SUPPORT
OF MOTION FOR SUMMARY
JUDGMENT

Civil Action No. 16-CV-09701
(VJB)(LMS)

---

STATE OF NEW YORK  )
COUNTY OF DUTCHESS ) s.s.:

YVONNE PALMER., being duly sworn and under oath, hereby deposes and says:

1. Since February of 2016, I have served as the Director of Instructional Support Services for Elementary Schools at the Poughkeepsie City School District (hereinafter "District"). From 2013 to February of 2016, I was a building Assistant Principal for the District's high school. From 2009 to 2013, I served as a special education teacher in the District. I was the Principal of the District's extended school year ("ESY") summer program for the 2014-15 and 2015-16 extended school years (i.e., through the summer of 2016) and, as such, effectively ran that summer school program and played the major role in the selection of teaching assistants for that summer school program by being the administrator who made the selection recommendations to the District's Board of Education ("Board"). As such, I am fully familiar with the facts set forth herein.

2. I am an African-American woman.

1

3. Plaintiff Carol Melton (hereinafter "Melton") is a teaching assistant who has been employed by the District in that capacity for a number of years. Melton served as an administrative intern for me during the 2014-15 school year.

4. The District has, as far back as I can remember, had a policy of re-appointing to ESY positions all staff, including teaching assistants, in those roles who served in those roles in the prior year. If a teaching assistant was appointed to work in the ESY program in the prior summer, if he or she applied, he or she was guaranteed reappointment to the ESY program the following summer so long as he or she did not get a bad evaluation. For example, Mary Baker had served as a teaching assistant in the ESY program before I began administering it and she, consequently, continued to be appointed to it, upon application, during the summers of 2015 and 2016.

5. The ESY program is held in a single school. In July of 2015, it was moved to the District's Morse Elementary School. The Principal of Morse, Nadine Dargan, who is also African-American, took over as Principal of the ESY program for the summer of 2017.

6. In my current position, during my period of running the ESY program and while I was an assistant principal at the District's high school, relative seniority of teaching assistants, whether building-wide or District-ride, played no role or factor in the teaching assistant assignment decisions made, whether those assignments were regular teaching assistant assignments or extra-duty assignments. All such decisions were based solely upon the needs of the building and students and demonstrated abilities of the applicant. I have never even looked at a teaching assistant seniority list in my choosing who to recommend for assignments.

2

7. The way ESY teaching assistant assignment openings got filled when the number of returning teaching assistants was inadequate also looked to securing teaching assistants who had actually served the ESY program. Thus, for the summer of 2016 ESY program, African-American teaching assistant Danielle Atkins, who had actually worked one-half of the ESY program by being a substitute teaching assistant for the summer of 2015 as a result of a teaching assistant leaving mid-summer, was selected by me as a "permanent" ESY teaching assistant because of her substantial experience with the program the prior summer. Ms. Atkins had been selected as the fill-in substitute for the teaching assistant during the summer of 2015 because she would either call or show up on a daily basis during the summer to inquire as to any openings. Getting that "permanent" ESY appointment in the summer of 2016 would ensure that Ms. Atkins would be appointed to the ESY program in the summer of 2017 so long as she applied.

8. Teaching assistant Alice Rahemba was a permanent fixture on the District's ESY substitute (rather than "permanent") list for years. During the summer, she would call daily to see if there was an opening. As a result, she got substitute work in the ESY program on almost a daily basis during the summer of 2014. Because of her substantial experience working the ESY program in 2014, when an opening for a "permanent" appointment arose for the summer of 2015 in the ESY program, I recommended her for a permanent appointment to the ESY program for the summer of 2015. That recommendation was approved by the Board. As a result, Ms. Rahemba was also appointed on a "permanent" basis for the 2016 summer ESY program and would, consequently have been entitled to be appointed to the ESY program in the summer of 2017 so long as she applied.

9. In making my recommendations of Atkins and Rahemba to be made "permanent" teaching assistants in the ESY program rather than Melton, I certainly never considered Melton's African-American race. Nor did I ever engage in retaliation against Melton of any sort. I was not aware at the times I was making my recommendations to the Board as to Melton having filed any sort of complaint against the District with the Equal Employment Opportunity Commission or elsewhere.

10. Counsel for the District has advised me that Melton has made a claim that Natasha Cherry, an employee of the District is "Caucasian". I am familiar with Ms. Cherry, who appears to be a light-brown skinned woman of African-American heritage. She is certainly not "Caucasian".

_____
Yvonne Palmer

Sworn to before me this
30 day of November, 2018

_____
Notary Public

Lisa Clark
Notary Public, State of New York
Qualified in Dutchess County
Commission Expires Nov. 24, 2020