UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CAROL MELTON,

                Plaintiff,

-against-

POUGHKEEPSIE CITY SCHOOL DISTRICT,

                Defendant.

AFFIDAVIT IN SUPPORT
OF MOTION FOR SUMMARY
JUDGMENT

Civil Action No. 19 CV 09755 (VB)

---

STATE OF NEW YORK  )
COUNTY OF DUTCHESS ) s.s.:

YVONNE PALMER., being duly sworn and under oath, hereby deposes and says:

1. I am the former Director of Instructional Support Services for Elementary Schools at the Poughkeepsie City School District (hereinafter "District"), having resigned from employment with the District in August of 2019. I previously provided a November 30, 2018 Affidavit in Support of Summary Judgment in the predecessor action to the above-captioned action in *Melton v. Poughkeepsie City School District*, Civil Action No. 16-CV-09701 (VB) ("Action No. 1"), a copy of which is submitted herewith as Exhibit A. I incorporate the statements therein as if fully set forth in this Affidavit.

2. As referenced in my November 30, 2018 Affidavit in Action No. 1, while serving as the Director of Instructional Support Services for Elementary Schools at the Poughkeepsie City School District, I was involved through to the 2017 extended school year ("ESY") program, which was to be held at the Morse Elementary School for the summer of 2017, with the recommendations for selection of teaching assistants for that summer program. In that selection process for that Extended School Year Summer Program for

1

Students With Disabilities, as per a posting issued for teaching assistants for that program at Morse Elementary School, a copy of which is marked as "Deft's Exhibit F", submitted herewith as Exhibit B, I was involved with Morse Elementary School Principal Nadine Dargan in the process of securing the required number of teaching assistants. The persons recommended to, and selected by, the District's Board of Education to fill the 9 teaching assistant positions that it was eventually determined would be required for this ESY program at Morse Elementary for the summer of 2017 were, pursuant to discussions engaged in between myself and Morse Principal Dargan, based upon the same criteria as I set forth in my November 30, 2018 Affidavit in Action No. 1, i.e., the persons I recommended be selected were either returning teaching assistants who had worked the ESY program the prior summer as full-time assignments and had not had a disqualifying review or teaching assistants who had actually served the ESY program that prior summer as substitute teaching assistants for that summer program and/or, perhaps, teaching assistants who had actually been in contact with me on an ongoing basis seeking that summer work the prior summer. The persons selected for that program are evidenced by the BoardDocs, a copy of which is marked as "Deft's Exhibit U", submitted herewith as Exhibit C.

3. In contrast to those selected as full-time teaching assistants for the ESY program identified in Exhibit C hereto, although listed as a substitute (i.e., "sub.") on summer teaching assistant assignments in the past, the Plaintiff has never substituted for an absent teaching assistant for any ESY programs while I was involved in their administration from the summer of 2014 onward, nor had she ever contacted me while

an ESY program was in operation to express an interest to me in filling in for a teaching assistant in the ESY program while listed as a sub for the program.

4. In my discussions with Principal Dargan about who to recommend for full-time appointment to the ESY program for the summer of 2017, there was never any discussion about the relative seniority of the persons being considered as seniority has never played any role in that selection process. The Plaintiff, like a number of others relegated to the "sub" positions, was not considered by me for recommendation for a full-time position ESY teaching assistant position for the summer of 2017 because she had neither served nor substituted as a teaching assistant for the ESY program during the prior summer, or, in the Plaintiff's case, since as long as I had had any involvement in the administration of the ESY programs for the District..

_____
Yvonne Palmer

Sworn to before me this
_2＿_ day of October, 2021

_____
Notary Public

NATASHA BALLARD
NOTARY PUBLIC-STATE OF NEW YORK
No. 01BA6376584
Qualified in Bronx County
My Commission Expires 06-18-2022