**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | : | |
| **CAROL MELTON,** | : | |
| | : | **Civil Action 19-CV-09755 (VB)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **DEFENDANT'S RULE 56.1** |
| | : | **STATEMENT IN SUPPORT OF** |
| **POUGHKEEPSIE CITY SCHOOL** | : | **MOTION FOR SUMMARY** |
| **DISTRICT,** | : | **JUDGMENT** |
| | : | |
| **Defendant.** | : | |
| | : | |

Defendant, by its attorneys, Shaw, Perelson, May & Lambert, LLP, in support of its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, submits the following statement under Local Rule 56.1:

1.    Plaintiff is a teaching assistant in the employ of the Poughkeepsie City School District ("District") and has been employed as a teaching assistant at the District's Morse Elementary School ("Morse") from on or about September 14, 2015 forward. *Affidavit of Nadine Elting-Dargan at para. 1; Transcript of deposition of the Plaintiff at page 9, lines18-24 at Exhibit F to Rushfield Affirmation.*

2.    Plaintiff commenced an earlier action in *Melton v. Poughkeepsie City School District*, 16 CV 9701 (VB) ("*16-CV-0970*"), raising many of the same types of claims for which summary judgment was granted to the District on September 24, 2019. *Memorandum Endorsement dated September 26, 2019 in 16-CV-0970 with attachments thereto at Exhibit B to Rushfield Affirmation; Melton v. Poughkeepsie City Sch. Dist., 16 CV 9701 (VB), 2019 U.S. Dist. LEXIS 163254 (S.D.N.Y. September 23, 2019).*

1

3.  The Plaintiff sought to reopen *Melton v. Poughkeepsie City Sch. Dist.*, 16 CV 9701 (VB) by letter, right-to-sue letter dated July 9, 2019 and new Complaint dated September 20, 2019, which new Complaint was identical to the Complaint by which the instant new action was commenced on October 21, 2019. *Memorandum Endorsement dated September 26, 2019 in 16-CV-0970 with attachments thereto at Exhibit B to Rushfield Affirmation; new Complaint attempted in 16-CV-0970 at Exhibit C to Rushfield Affirmation.*

4.  With regard to the Plaintiff's allegation at paragraph 4 of Attachment A to the amended Complaint, as a general practice, teachers and teaching assistants in the District who are assigned to a before- or after-school or extended-school-year program at a school building are reassigned upon application to the same position in that before- or after-school or extended-school-year program in that building in subsequent school years without regard to their respective lengths of service with the District unless they are negatively evaluated by the supervisor of the program, do not seek reappointment to the position or leave employment with the District. *Amended Complaint at Exhibit A to Rushfield Affirmation; Affidavit of Yvonne Palmer at para. 2; Affidavit of Nadine Elting-Dargan at paras.4-6; Affidavit of Dr. Ronel Cook in 16-CV-09701 at paras. 11 and 29 at Exhibit D to Rushfield Affirmation; Affidavit of Yvonne Palmer in 16-CV-0970 at para. 4 at Exhibit A to Affidavit of Yvonne Palmer; Transcript of deposition of Plaintiff in 16-CV-09701 at page 78, lines 19-21, page 89, line 25 to page 90, line 19 and page 211, line 19 to page 212, line 13 at Exhibit E to Rushfield Affirmation.*

5.  Where a teaching assistant who has not been assigned the prior year on a non-substitute basis to a before- or after-school or extended-school-year program at a school building, but worked the before- or after-school or extended-school-year program during the prior school

year, or prior extended school year, as a substitute and did not have a disqualifying evaluation for that service, that teaching assistant would have priority for non-substitute selection to any remaining vacancy for the before- or after-school or extended-school-year program over teaching assistants who had not worked the before- or after-school or extended-school-year program the prior school year, or prior extended school year. *Affidavit of Yvonne Palmer at para. 2; Affidavit of Nadine Elting-Dargan at paras.4-6; Affidavit of Yvonne Palmer in 16-CV-0970 at paras. 4 and 7 at Exhibit A to Affidavit of Yvonne Palmer.*

6.      Relative seniority of teaching assistants, whether building-wide or District-wide, plays no role or factor in teaching assistant extra-duty assignments. *Affidavit of Yvonne Palmer at para. 2; Affidavit of Nadine Elting-Dargan at para. 4; Declaration of Dr. David Scott at para. 3; Affidavit of Yvonne Palmer in 16-CV-09701 at para. 6 at Exhibit A to Affidavit of Yvonne Palmer; Affidavit of Dr. Ronel Cook in 16-CV-09701 at para. 30 at Exhibit D to Rushfield Affirmation; Affidavit of Nadine Dargan at para. 6; Transcript of deposition of the Plaintiff at page 67, lines 18-25 at Exhibit F to Rushfield Affirmation.*

7.      Concerning the District's "Extended Learning Time and Afterschool Program" from October 23, 2017 to May 31, 2018, for which the Plaintiff applied and was assigned as a substitute, the Plaintiff contends that she had some entitlement to assignment to one of the permanent teaching assistant positions being held at five different District schools (i.e., Poughkeepsie Middle School ["PMS"], Clinton Elementary School, Krieger Elementary School, Warring Elementary School and Morse Elementary School) because of her belief that she had more seniority than three or four of the teaching assistants so assigned. *Transcript of deposition of the Plaintiff at page 108, line 11 to page 109, line 17 at Exhibit*

*F to Rushfield Affirmation; Defendant's Exhibit H to the Plaintiff's Deposition at Exhibit G to the Rushfield Affirmation.*

8.    The Plaintiff does not contend that any of the three or four teaching assistants so assigned to the District's "Extended Learning Time and Afterschool Program" from October 23, 2017 to May 31, 2018 were not so assigned during the 2016-17 school year. *Transcript of deposition of the Plaintiff at page 108, line 15 to page 110, line 11 at Exhibit F to Rushfield Affirmation.*

9.    During the 2017-18 school year, while the Plaintiff was assigned as a teaching assistant at Morse, the teaching assistant assigned to the District's "Extended Learning Time and Afterschool Program" from October 23, 2017 to May 31, 2018 at Morse, Sarah Herman, was senior to the Plaintiff, and the Plaintiff had not been assigned as a teaching assistant in that Program during the 2016-17 school year, but Herman had been so assigned during the 2016-17 school year. *Transcript of deposition of the Plaintiff at page 110, line 14 to page 113, line 13 at Exhibit F to Rushfield Affirmation; Affidavit of Nadine Elting-Dargan at para. 6.*

10.   Plaintiff was not the only teaching assistant assigned as a substitute for the District's "Extended Learning Time and Afterschool Program" from October 23, 2017 to May 31, 2018 who was senior to a teaching assistant assigned to a permanent teaching assistant position in that program. *Transcript of deposition of the Plaintiff at page 115, lines 6-11 at Exhibit F to Rushfield Affirmation.*

11.   Plaintiff was scheduled to work at Morse from 7:50 AM until 2:45 PM. *Affidavit of Nadine Elting-Dargan at paras.7 and 8; Affidavit of Dr. Ronel Cook in 16-CV-09701 at para. 22 and Exhibit E thereto at Exhibit D to the Rushfield Affirmation.*

4

12.   The District does not assign teaching assistants to work before- or after-school programs at schools to which they are not assigned during the school year because their regular beginning and end work times at their regularly assigned schools and teacher entitlement to a ten-minute break between the end of the school day and the teacher's obligation to commence providing services (such as providing a snack) to after-school program students makes the assignment of teaching assistants assigned to other schools during the regular school days to a non-assigned school for a before- or after-school program problematic. *Affidavit of Nadine Elting-Dargan at paras.7 and 8; Declaration of Dr. David Scott at para. 2; Affidavit of Dr. Ronel Cook in 16-CV-09701 at paras. 22-24 and Exhibit F thereto at Exhibit D to Rushfield Affirmation.*

13.   Plaintiff's labor union takes the position that under the collective bargaining agreement between it and the District, seniority is not a determining factor among teaching assistants with regard to the selection of teaching assistants for extra- assignment or extra-service positions. *Transcript of deposition of Plaintiff in 16-CV-09701 at page 108, line 16 to page 110, line 8, page 183, line 7 to page 184, line 24 and page 247, line 18 to page 249, line 24 at Exhibit E to Rushfield Affirmation.*

14.   The Plaintiff's allegation at paragraph 1 of Attachment A to the amended Complaint is that applicants for a summer position (i.e., the Extended School Year [ESY] Summer Program for Students With Disabilities teaching assistant position for the summer of 2017 [hereinafter "Summer ESY Program"]) who did not report for a group interview, successful applicants who did not appear for the group interview such as Sharon Bridges, Dionnedra Atkins, Nicole Logan Cummings, Roxanne Haggerty, Adelma Shillingford, Maryann Baker, Alice Rahemba and Danielle Atkins, were given the teaching assistant positions

over the Plaintiff and that one – Maryann Baker – was not a certified teaching assistant. *Amended Complaint Attachment A at Exhibit A to Rushfield Affirmation; Defendants Exhibits F and U to the Deposition of the Plaintiff at Exhibits H and I to Rushfield Affirmation; Transcript of deposition of the Plaintiff at page 11, line 12 to page 15, line 14, at page 27, line 7 to page 28, line 15 and at page 82, line 6 to page 83, line 7 at Exhibit F to Rushfield Affirmation.*

15.  Plaintiff does not know whether the teaching assistants selected for permanent teaching assistant positions that she contends she should have been selected over for the Summer 2017 ESY Program had worked that summer ESY program the prior summer, but testified that her seniority should regardless have given her an entitlement to selection over them for that Summer ESY Program. *Defendants Exhibit U to the Deposition of the Plaintiff at Exhibit I to Rushfield Affirmation; Transcript of deposition of the Plaintiff at page 45, line 17 to page 54, line 23 at Exhibit F to Rushfield Affirmation.*

16.  Other teaching assistants than the Plaintiff were given substitute rather than permanent assignments for the Summer ESY Program despite being senior in seniority to those selected for permanent assignment in the Summer ESY Program. *Transcript of deposition of the Plaintiff at page 83, line 8 to page 86, line 6 at Exhibit F to Rushfield Affirmation.*

17.  Plaintiff does not dispute that it is the District's policy of reappointing to ESY positions all staff, including teaching assistants, in those roles who served in those roles in the prior year and that if such a teaching assistant with that service the prior summer applied, he or she was guaranteed reappointment to the ESY program the following summer as long as he or she did not receive a bad evaluation. *Exhibit X to the Deposition of the Plaintiff at Exhibit J*

*to Rushfield Affirmation; Transcript of deposition of the Plaintiff at page 54, line 16 to page 57, line 4 at Exhibit F to Rushfield Affirmation.*

18.   The Plaintiff never substituted for an absent teaching assistant for any ESY program from the summer of 2014 onward, nor had she ever contacted Director Palmer while an ESY program was in operation to express an interest in filling in for a teaching assistant in the ESY program while listed as a substitute for the program. *Affidavit of Yvonne Palmer at para. 3.*

19.   The claim that Maryann Baker should not have been appointed to an extra-duty ESY teaching assistant position over the Plaintiff was a claim made by the Plaintiff in *16-CV-09701. Transcript of deposition of the Plaintiff at page 15, lines 19 to 24 at Exhibit F to Rushfield Affirmation.*

20.   The Plaintiff claims she had entitlement to appointment as a teaching assistant for the 2017 Summer ESY Program over other persons selected because Baker was not a certified teaching assistant, because other teaching assistant selectees had less seniority than the Plaintiff and because some of the teaching assistants selected did not attend the group interview, which Plaintiff claimed an email said was mandatory. *Transcript of deposition of the Plaintiff at page 18, line 17 to page 19, line 6, at page 22, line 7 to page 23, line 14, at page 23, line 15 to page 24, line 2 at Exhibit F to Rushfield Affirmation.*

21.   Plaintiff admits that her claim to seniority entitlement to selection for the summer of 2017 ESY program or after school teaching assistant positions is the same claim she made in *16-CV-09701. Transcript of deposition of the Plaintiff at page 21, lines 7 to 22, line 6 at Exhibit F to Rushfield Affirmation.*

22.    Plaintiff acknowledges she does not know if applicants for the summer of 2017 ESY teaching assistant position were not entitled to consideration for those positions if they did not attend the group interview. *Transcript of deposition of the Plaintiff at page 24, line 17 to page 25, line 5 at Exhibit F to Rushfield Affirmation.*

23.    The email that Plaintiff was referring to that Plaintiff testified mandated teaching assistant attendance at a group interview in order to be considered for the Summer of 2017 ESY Program does not mandate attendance as a condition for selection for a teaching assistant position for the summer of 2017 ESY program; nor did the posting for that position. *Transcript of deposition of the Plaintiff at page 28, line 11 to page 29, line 7 at Exhibit F to Rushfield Affirmation; Rushfield Affirmation para. 12 and Exhibit K thereto.*

24.    District employees Maryann Baker and Doreen Henry were determined by the District to be two of the most senior "teaching assistants" in the District, and the Plaintiff admits she has no basis for disputing that determination as having been made. *Affidavit of Dr. Ronel Cook in 16-CV-09701 at para.41 at Exhibit D to Rushfield Affirmation; Transcript of deposition of the Plaintiff at page 75, lines 7-14 at Exhibit F to Rushfield Affirmation.*

25.    Baker had been regularly assigned to paid "teaching assistant" summer programs (i.e., extended school year or "ESY") for more than 30 years. *Affidavit of Dr. Ronel Cook in 16-CV-09701 at para.41 at Exhibit D to Rushfield Affirmation*; *Affidavit of Yvonne Palmer in 16-CV-09701 at para.4 at Exhibit A to Affidavit of Yvonne Palmer.*

26.    Danielle Atkins had been selected as the ESY program fill-in substitute for the teaching assistant during the summer of 2015 because she would either call or show up on a daily basis during the summer to inquire as to any openings. *Affidavit of Yvonne Palmer in 16-CV-09701 at para. 4 at Exhibit A to Affidavit of Yvonne Palmer.*

27. Getting the "permanent" ESY appointment in the summer of 2016 would ensure that Danielle Atkins would be appointed to the ESY program in the summer of 2017 so long as she applied. *Affidavit of Yvonne Palmer in 16-CV-09701 at para. 4 at Exhibit A to Affidavit of Yvonne Palmer.*

28. Because of her substantial experience working the ESY program in 2014, when an opening for a "permanent" appointment arose for the summer of 2015 in the ESY program, District Director of Instructional Support Services Yvonne Palmer recommended Rahemba for a permanent appointment to the ESY program for the summer of 2015, which recommendation was approved by the Board and, as a result. Rahemba was also appointed on a "permanent" basis for the 2016 summer ESY program. *Affidavit of Yvonne Palmer in 16-CV-09701 at para. 8 at Exhibit A to Affidavit of Yvonne Palmer.*

29. Teaching assistants in the District, of all races, secured "permanent" (as opposed to substitute) appointments to extra-service teaching assistant positions despite being junior to other teaching assistants, of all races, who were relegated to be substitutes for those provided with the "permanent" appointments. *Transcript of deposition of plaintiff in 16-CV-09701 at page 167, line 7 to page 182, line 23, page 212, line 16 to page 221, line 3 at Exhibit F to Rushfield Affirmation and Exhibits M, N and O to the deposition of the Plaintiff in 16-CV-09701, at, respectively, Exhibits L, M and N to Rushfield Affirmation.*

30. With regard to the Plaintiff's allegations at paragraph 3 and 11 of Attachment A to the amended Complaint, the "my organization" Plaintiff refers to is the Black and Latino Coalition, Inc. *Amended Complaint Attachment A at Exhibit A to Rushfield Affirmation*; *Transcript of deposition of the Plaintiff at page 115, line 19 to page 116, line 3 at Exhibit F to Rushfield Affirmation.*

31.   The Black and Latino Coalition, Inc. is not a party to this action. *Amended Complaint at Exhibit A to Rushfield Affirmation.*

32.   The Black and Latino Coalition, Inc. has no employees, has only volunteers comprised of the Plaintiff, her husband, Gregory Melton, and, as needed, their three adult children (who serve as the officers of The Black and Latino Coalition, Inc.), and as a volunteer, the Plaintiff receives no compensation for services she renders for The Black and Latino Coalition, Inc. *Transcript of deposition of the Plaintiff at page 117, line 20 to page 123, line 25 at Exhibit F to Rushfield Affirmation.*

33.   In its eleven-year existence, The Black and Latino Coalition, Inc. has never received grant funds to perform services for a school district and has only applied for such grant funds to the District. *Transcript of deposition of the Plaintiff at page 124, line 11 to page 125, line 6 at Exhibit F to Rushfield Affirmation.*

34.   The Black and Latino Coalition, Inc. applied for grant funding from the District to perform services for the District beginning with the 2014-2015 school year and during subsequent years, for a total of five or six times making such applications, and those applications have been consistently denied from the 2014-15 school year forward. *Transcript of deposition of the Plaintiff at page 125, line 2 to page 126, line 19 at Exhibit F to Rushfield Affirmation.*

35.   Gregory Melton acts as an instructor for The Black and Latino Coalition, Inc. and "teaches" such subjects as science, technology, electronics and math, but he is neither a certified teacher nor a certified teaching assistant and has an education limited to an Associate's Degree. *Transcript of deposition of the Plaintiff at page 123, line 13 to page 124, line 10 and at page 128, line 18 to page 129, line 9 at Exhibit F to Rushfield Affirmation.*

36.   The Plaintiff also acts as an instructor for The Black and Latino Coalition, Inc. and "teaches" such subjects as science, technology, electronics and math, as well as "homework completion" but she is not a certified teacher. *Transcript of deposition of the Plaintiff at page 129, lines 10-17 at Exhibit F to Rushfield Affirmation.*

37.   The Plaintiff has identified seven allegedly new grant recipients for the Empire Grant, one or more of whom got grant funding through the District for the same program that The Black and Latino Coalition, Inc. applied for, but the Plaintiff does not contend that The Black and Latino Coalition, Inc. should have received Empire Grant funding as opposed to any of the successful applicants, but that it should have received such funding as well, and admits that she does not know why The Black and Latino Coalition, Inc.'s application for such funding was denied. *Transcript of deposition of the Plaintiff at page 135, line 6 to page 145, Line 17 at Exhibit F to Rushfield Affirmation.*

38.   The procedure for the awarding of Empire Grant funds to applicants by the District is that (1) the District applies for an Empire State Grant to the New York State Office of Children and Family Services, which allocates funds to the District to distribute to community-based organizations ("CBOs") that will provide services, (2) the CBOs each apply through a Request for Proposal (RFP) submitted to the District, (3) the RFP process is a "blind process" by which an audit committee comprised of three to five persons, some of whom may be community members, is presented with the RFPs with the names and any identifying information of the applicants redacted and replaced with numbers, and the proposals are scored based on a rubric; (4) the audit committee, whose members do not know the identity of the applicants individually score each individual applicant, and their scores are tallied up and those tallies are submitted on a sheet; (5) the tally sheets are

returned for submission to the Superintendent of Schools, who is made aware of the identities of the highest-ranked CBO-applicants and provides a resolution to the Board of Education to consider for purposes of entering into a contract with those highest-ranked applicants. *Deposition transcript of Natasha Cherry at page 16, lines 6-12, at page 17, line 13 to page 26, line 18 and at page 33, line 17 to page 44, line 13 at Exhibit O to Rushfield Affirmation.*

39.    Concerning the allegation at paragraph 5 of Attachment A that "Principal Ms. Nadine Dargan, 2015-2016, 2016-2017, 2017-2018, 2018-2019 and this school year, has declined to provide an air conditioner although all others have window units," then Morse Principal Dargan was under the mistaken belief that there was an air conditioner in the Plaintiff's lab and, when she learned there was not one, reached out to District "Facilities" through its Buildings and Ground Department to request that an air conditioner be placed in that lab. *Amended Complaint Attachment A at Exhibit A to Rushfield Affirmation; Deposition transcript of Nadine Elting-Dargan at page 76, line 14 to page 77, line 20 and at page 80, line 14 to page 81, line 7 at Exhibit P to Rushfield Affirmation.*

40.     Staff do not have air conditioners placed in their rooms absent evidence of a medical need for one, and most placements of air conditioners into school rooms are based upon student needs as determined by a Committee on Special Education; the school principal has no say on whether or not air conditioning units will be placed in school rooms. *Deposition transcript of Nadine Elting-Dargan at page 76, line 22 to page 80, line 13 at Exhibit P to Rushfield Affirmation.*

41.    Concerning the allegation at paragraph 6 of Attachment A that "[i]n April 20, 2018, $427.20 was deducted from my paycheck that was not deducted in the past for the same

reason," the Plaintiff admits that this involved two days of pay and that she was not at work for the District for those two days, but had instead taken a "business day" to attend a Public Employment Relations Board ("PERB") conference or hearing regarding charges she had brought against her union on the basis that she was entitled be paid for that day by the District under her union's collective bargaining agreement with the District. *Amended Complaint Attachment A at Exhibit A to Rushfield Affirmation; Transcript of deposition of the Plaintiff at page 159, line 19 to page 161, line 20 at Exhibit F to Rushfield Affirmation.*

42. Although the Plaintiff references that under the collective bargaining agreement between her union and the District, there are paid business days allotted to the Plaintiff's union, the Plaintiff is not claiming that she had an entitlement to union business day to attend the PERB conference or hearing. *Transcript of deposition of the Plaintiff at page 162, lines 3-25 at Exhibit F to Rushfield Affirmation.*

43. The Plaintiff testifies that she filed a grievance with the union about the District having docked her pay for attending the PERB conference or hearing, but that her union did not process the grievance to arbitration. *Transcript of deposition of the Plaintiff at page 164, lines 11-18 at Exhibit F to Rushfield Affirmation.*

44. The District has a computer program known as AESOP by which staff reports when they are not coming to work and provide the reason therefore, which information gets placed into a web-based management system, from which a summary sheet involving any staff member can be produced. *Affidavit of Ronel Cook in 16-CV-09701 at paras. 31 and 33 at Exhibit D to Rushfield Affirmation; Transcript of deposition of the Plaintiff at page 168, lines 6-8 at Exhibit F to Rushfield Affirmation.*

13

45.     For the two days in question, the Plaintiff entered "School Business" in AESOP, but because the Plaintiff's absence to attend a PERB conference or hearing concerning charges that the Plaintiff had brought against her union had not been approved as "School Business" as required by District Policy 6830 and was, by the terms of that Policy, not "School Business" as the Plaintiff was not attending the PERB conference or hearing as a representative of the District, and was, therefore, an unauthorized use of "School Business," the District docked the Plaintiff's pay for those two days. *Defendant Deposition Exhibit BB at Exhibit Q to Rushfield Affirmation; District Policy 6830 at Exhibit R to Rushfield Affirmation*; *Transcript of deposition of the Plaintiff at page 166, line 11 to page 177, line 15 at Exhibit F to Rushfield Affirmation.*

46.     Concerning the allegations at paragraph 7 of Attachment A that "[i]n June 2018, the Poughkeepsie City School District refused to interview me for summer positions of which I was qualified. Many others received the positions and most had less seniority than me," the Plaintiff has no factual information that can support those allegations. *Amended Complaint Attachment A at Exhibit A to Rushfield Affirmation; Transcript of deposition of the Plaintiff at page 177, line 16 to page 185, line 8 at Exhibit F to Rushfield Affirmation.*

47.     Concerning the allegations at paragraphs 8 and 9 of Attachment A regarding a training opportunity offered to the Plaintiff by then Interim Superintendent of Schools Kathleen Farrell for training between September 11 and 14, 2018, the training opportunity was for a teaching assistant position in a new STEM lab at the Poughkeepsie Middle School, a position as to which the Plaintiff subsequently notified Interim Superintendent Farrell in advance of the last (i.e., fourth) day of such training that she was not interested in, as a result of which she was denied the last day of training which was being provided to the

Plaintiff (in addition to two teachers) for that teaching assistant position at the Middle School; this did not result in the Plaintiff being denied any position for which she had an interest, and the Plaintiff has no information that would support a claim that the District's actions concerning these allegations were either acts of racial discrimination or acts of retaliation for the Plaintiff's EEOC complaint(s) or her Complaint in 16 CV 9701 (VB). *Amended Complaint Attachment A at Exhibit A to Rushfield Affirmation; Transcript of deposition of the Plaintiff at page 185, line 9 to page 227, line 21 at Exhibit F to Rushfield Affirmation; Defendant Deposition Exhibit P at Exhibit S to Rushfield Affirmation.*

48.    Concerning the allegation at paragraph 12 of Attachment A that "June-August 2019 tried to have me moved from (and destroy) my media center even though it was the most successful in district history," the Plaintiff testified that she was referring to a proposal by then Morse Principal Dargan, which was rejected by then District Interim Superintendent of Schools Cheryl Benowitz, and that the Plaintiff was not so moved from her computer lab/media center. *Amended Complaint Attachment A at Exhibit A to Rushfield Affirmation; Transcript of deposition of the Plaintiff at page 227, line 22 to page 229, line 16 at Exhibit F to Rushfield Affirmation.*

49.    Then Principal Dargan had sought to move the media center/computer lab on prior occasions because of the need for Morse to create new classrooms. *Page 354, line 20 to page 361, line 16 at Volume II of transcript of Education Law 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.; page 371, line 13 to page 376, line 18 at Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.; page 419, line 22 to 421, line 12 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.; page 429, line 11 to page 430, line 9 at*

*Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.; page 436, line 12 to page 438, line 6 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.*

50.    The Plaintiff was assigned to the media center/computer lab, then located on the second floor at Morse, by then Morse Principal Dargan in or about 2015 after the teacher of the self-contained classroom, Kathleen O'Leary, requested that the Plaintiff be removed from her classroom, and the Plaintiff remained assigned to that media center/computer lab by Principal Dargan up to the time Ms. Dargan left Morse in November of 2020. *Deposition transcript of Nadine Elting-Dargan at page 20, line 23 to page 23, line 23, at page 27, line 13 to page 29, line 4; and at page 30, line 10 to page 31, line 6 at Exhibit F to Rushfield Affirmation.*

51.    Concerning the allegation at paragraph 17 of Attachment A that "October Principal Nadine Dargan destroyed my media center by moving it and placing it in a supply closet as an act of retaliation," the Plaintiff's allegation refers to October of 2020, at which time the Plaintiff was not physically appearing to work at the media center/computer lab at Morse, even though the Plaintiff had been directed to appear for work at Morse as of September 9, 2020. *Amended Complaint Attachment A at Exhibit A to Rushfield Affirmation; Transcript of deposition of the Plaintiff at page 239, line 16 to page 243, line 17 at Exhibit F to Rushfield Affirmation.*

52.    The media center/computer lab at Morse to which the Plaintiff was assigned during the 2020-21 school year was moved to a classroom in the Morse basement that was being used as a storage room (hereinafter "PE room") for Physical Education teachers to store their equipment because that PE room was the only available classroom in Morse; a new

classroom had to be created for a new group of students for a self-contained special education class coming into Morse for the 2020-2021 school year; the PE room was not deemed a safe classroom for the class because its emergency escape from that room involved having to climb a ladder and remove a grate; and the media center/computer lab was no longer required to be maintained as a classroom for students to use computers since all students now had Chromebooks assigned to them and the Plaintiff could, therefore, go to students' classrooms to work with them rather than have classes of students come to the media center/computer lab to meet with the Plaintiff. *Deposition transcript of Nadine Elting-Dargan at page 31, line 7 to page 71, line 16 at Exhibit F to Rushfield Affirmation.*

53.  The issue of the reasons for the media center/computer lab at Morse to which the Plaintiff was assigned during the 2020-21 school year being moved to a classroom in the Morse basement was fully litigated during the 3020-a proceedings. *Page 354, line 20 to page 361, line 16 at Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.; page 371, line 13 to page 376, line 18 at Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.;  page 419, line 22 to page 421, line 12 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.; page 429, line 11 to page 430, line 9 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.; page 436, line 12 to page 438, line 6 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.*

54.  Concerning the allegation at paragraph 13 of Attachment A that "September 2020 Dr. Timothy Wade threatened to take sick pay for me," this allegation refers to a September 28, 2020 letter from Dr. Wade to the Plaintiff in which he confirmed to the Plaintiff that

"[a]ll teaching assistants were instructed to report to their assigned building effective September 9, 2020", directed the plaintiff to report to Morse Elementary School for work and advised the Plaintiff that for each day that the Plaintiff failed to report for work at Morse, "a leave day/sick will be deducted from your accrual." *Amended Complaint Attachment A at Exhibit A to Rushfield Affirmation; Transcript of deposition of the Plaintiff at page 242, line 2 to page 243, line 17 at Exhibit F to Rushfield Affirmation; Deposition Exhibit AA at Exhibit T to Rushfield Affirmation.*

55.   The District's policy in September 2020 that was communicated to all employees of the District and their unions was that all employees other than teachers were required to report for work at their assigned building locations or use their sick leave days unless they received an order of quarantine. *Deposition transcript of Dr. Timothy Wade at page 79, line 17 to page 80, line 13, at page 81, line 19 to page 82, line 11; at page 83, line 15 to page 84, line 19 at Exhibit U to Rushfield Affirmation.*

56.   Concerning the allegation at paragraph 19 of Attachment A that "November the Poughkeepsie City School District brought an unfounded 3020 against me to have me fired," the District's Board of Education brought Education Law § 3020-a disciplinary charges against the Plaintiff on November 4, 2020, subsequently amended on or about April 7, 2021, which proceeded to hearings before a duly designated Hearing Officer, in which the Hearing Officer sustained seven of the eight remaining charges against the Plaintiff (i.e., two of the ten charges in the Amended Charges having been the subject of a Settlement Agreement and Release) and imposed a 4½ months suspension without pay upon the Plaintiff. *Amended Complaint Attachment A at Exhibit A to Rushfield Affirmation; Affidavit of Dr. Timothy Wade at paras. 2-6.*

57.    Neither party has brought a proceeding to challenge the Hearing Officer's Opinion and

Order or Opinion and Corrected Order. *Affidavit of Dr. Timothy Wade at para.7.*

58.    The Plaintiff claimed in the 3020-a proceedings that she was being subjected to charges

seeking the termination of her employment by the District as an act of retaliation against

her for her prior claims of race discrimination.  *Page 542, line 25 to page 543, line 2 at*

*Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid,*

*Esq.; page 554, lines 2-3 and 17-18 at Volume III of transcript of 3020-a proceedings at*

*Exhibit C to Affirmation of Kate I. Reid, Esq.; page 637, line 16 to page 652, line 18 at*

*Volume V of transcript of 3020-a proceedings at Exhibit E to Affirmation of Kate I. Reid,*

*Esq.; page 787, lines 5-7 at Volume VI of transcript of 3020-a proceedings at Exhibit F to*

*Affirmation of Kate I. Reid, Esq.*

59.    The Plaintiff has released the District from any and all causes of action in this action arising

out of or relating to the bringing of Charges 4 and 10 in the 3020-a proceedings that were

brought against the Plaintiff by the District. *Affidavit of Dr. Timothy Wade at para 4 and*

*Exhibit C thereto.*

60.    Concerning the allegation at paragraph 16 of Attachment A that "October 2020 substituted

for a teacher for two weeks but the district did not pay me," the Plaintiff is referring to her

being the sole District employee engaging in remote instruction of a class on nine days

from October 26, 2020 through  October 30, 2020 and November 2, 4, 5 and 6, 2020 while

the teacher, Ms. Craigg, was not present, when the Plaintiff had not reported to work at

Morse Elementary School, and having an alleged contractual entitlement under the

collective bargaining agreement to receive additional pay for substituting for teacher

Craigg. *Amended Complaint Attachment A at Exhibit A to Rushfield Affirmation;*

*Transcript of deposition of the Plaintiff at page 253, line 22 to page 258, line 9 at Exhibit F to Rushfield Affirmation; Respondent Exhibit 2 to 3020-a proceedings at Exhibit G to Affirmation of Kate I. Reid, Esq.*

61.   The Plaintiff told her union that she wanted a grievance filed over her not receiving pay for substituting for Ms. Craigg for the nine days in October through November of 2020, but her union did not pursue it. *Transcript of deposition of the Plaintiff at page 258, line 19 to page 263, line 12 at Exhibit F to Rushfield Affirmation.*

62.   The Plaintiff was not authorized to work from home in October and November of 2020 and was not given permission to perform her duties remotely, and Morse's teachers were advised by then Principal Dargan that they were not to invite the Plaintiff to join their remote Google classrooms. *Page 218, line 14 to page 222, line 7 and page 224, line 3 to page 225, line 20 at Volume I of transcript of 3020-a proceedings at Exhibit A to Affirmation of Kate I. Reid, Esq; Opinion and Order at page 36 thereof at Exhibit B to the Affidavit of Dr. Timothy Wade.*

63.   The Plaintiff was not authorized to substitute for a teacher commencing in October 2020 (i.e., commencing October 26, 2020) because the Plaintiff had not complied with the directive that she was to report to work at Morse Elementary School. *Page 320, lines 7-13 at Volume I of transcript of 3020-a proceedings at Exhibit A to Affirmation of Kate I. Reid, Esq.*

64.   In order for the Plaintiff to be entitled to be paid as a substitute for teacher Craigg, there had to first have been an attempt to secure a substitute teacher before the District will authorize a teaching assistant to be selected to fill in for the absent teacher and, if no substitute teacher can be found, the building principal (i.e., then Principal Dargan) will

either assign a teaching assistant from one of the classes to serve as a substitute or divide the students among other teachers of that grade level. *Deposition transcript of Nadine Elting-Dargan at page 156, line 5 to page 157, line 17 at Exhibit P to Rushfield Affirmation; page 313, lines 3-25 at Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.*

65.    Then Morse Principal Dargan did not assign the Plaintiff to serve as a substitute for teacher Craigg in October of 2020, and the request for the Plaintiff to serve as a substitute for teacher Craigg was not approved by then Morse Principal Dargan. *Page 314, lines 11-22 at Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.; page 315, lines 16-21 at Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.;  page  316, line 16 to page 317, line 5 at Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.; page 440, line 16 to page 442, line 19 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.; District Exhibit 23 to 3020-a proceedings at Exhibit H to Affirmation of Kate I. Reid, Esq.*

66.    Then Principal Dargan did not have the authority to remove the Plaintiff from Ms. Craigg's remote Google classroom as that authority reposed in Ms. Craigg, but the District did not authorize the Plaintiff to participate in Ms. Craigg's remote Google classroom. *Page 414, line 23 to page 415, line 16 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.*

67.    On October 25, 2020, then Principal Dargan advised the Plaintiff that she would not receive substitute pay for filling in for Ms. Craigg. *Page 416, line 4 to page 418, line 25 at Volume*

*III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.;*
*District Exhibit 23 to 3020-a proceedings at Exhibit H to Affirmation of Kate I. Reid, Esq.*

68.     Morse Assistant Principal Penn sent the Plaintiff's time sheet for serving as a substitute
        teacher to Assistant Superintendent Wade, who denied the Plaintiff's request for pay as a
        substitute for teacher Craigg. *Page 94, line 5 to page 100, line 6 at Volume I of transcript*
        *of 3020-a proceedings at Exhibit A to Affirmation of Kate I. Reid, Esq.; Respondent Exhibit*
        *2 to 3020-a proceedings at Exhibit G to Affirmation of Kate I. Reid, Esq.*

69.     The time sheet submitted by the Plaintiff to Assistant Principal Penn sought substitute pay
        for October 26 through November 6, 2020. *Page 94, line 5 to page 100, line 6 at Volume I*
        *of transcript of 3020-a proceedings at Exhibit A to Affirmation of Kate I. Reid, Esq.;*
        *Respondent Exhibit 2 to 3020-a proceedings at Exhibit G to Affirmation of Kate I.*
        *Reid, Esq.*

70.     The issue of why the Plaintiff was not paid as a substitute for teacher Craigg in October of
        2020 was fully litigated in the 3020-a proceedings. *Page 94, line 5 to page 100, line 6 at*
        *Volume I of transcript of 3020-a proceedings at Exhibit A to Affirmation of Kate I. Reid,*
        *Esq.; page 312, line 9 to page 320, line 20 at Volume II of transcript of 3020-a proceedings*
        *at Exhibit B to Affirmation of Kate I. Reid, Esq.; page 388, line 17 to page 390, line 5 at*
        *Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid,*
        *Esq.; page 396, line 23 to page 397, line 4 at Volume II of transcript of 3020-a proceedings*
        *at Exhibit B to Affirmation of Kate I. Reid, Esq.; page 411, line 14 to page 417, line 25 at*
        *Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid,*
        *Esq.; page 440, line 16 to page 444, line 8 at Volume III of transcript of 3020-a proceedings*
        *at Exhibit C to Affirmation of Kate I. Reid, Esq.;  page 572, lines 4-25 at Volume III of*

*transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.;*
*page 682, line 16 to page 683, line 5 at Volume V of transcript of 3020-a proceedings at*
*Exhibit E to Affirmation of Kate I. Reid, Esq.; page 736, line 123 to page 740, line 8 at*
*Volume VI of transcript of 3020-a proceedings at Exhibit F to Affirmation of Kate I. Reid,*
*Esq.; page 750, line 21 to page 752, line 12 at Volume VI of transcript of 3020-a*
*proceedings at Exhibit F to Affirmation of Kate I. Reid, Esq.; page 795, line 22 to page*
*801, line 11 at Volume VI of transcript of 3020-a proceedings at Exhibit F to Affirmation*
*of Kate I. Reid, Esq.; Respondent Exhibit 2 to 3020-a proceedings at Exhibit G to*
*Affirmation of Kate I. Reid, Esq.; District Exhibit 23 to 3020-a proceedings at Exhibit H*
*to Affirmation of Kate I. Reid, Esq.*

71.    With regard to the issue of Plaintiff having acted as a "substitute" for whom extra pay
would be due for a two-week period in October of 2021, the Education Law § 3020-a
Hearing Officer rendered the following decision: "While I commend Respondent for filling
in when needed while a colleague was on emergency leave, her time doing so does not
excuse Respondent's failure to report for duty at her assigned building, nor does it indicate
the District acquiesced to Respondent's working from home." *Opinion and Order at*
*Exhibit B to Wade Affidavit at page 41.*

72.    With regard to the issue of the District having moved the Plaintiff's media center/computer
lab in the Fall of 2020, the Education Law § 3020-a Hearing Officer rendered the following
decision: "I credit Elting-Dargin's (stet) testimony the computer lab was moved in the Fall
of 2020 to accommodate the addition of a new class and was in no way a disciplinary action
against Respondent. *Opinion and Order at Exhibit B to Wade Affidavit at page 43.*

73.     The District's Board of Education has African-American members. *Transcript of deposition of Plaintiff in 16-CV-09701 at page 340, lines 20-22.*

74.     The persons involved in recommending the extra-duty teaching assistant assignments of which the Plaintiff complains to the District's Board of Education, i.e., Yvonne Palmer and Nadine Elting-Dargan, are African-American. *Affidavit of Nadine Elting-Dargan at para. 2; Affidavit of Yvonne Palmer in 16-CV-0970 at para. 2 at Exhibit A to Affidavit of Yvonne Palmer.*

WHEREFORE, it is respectfully requested that the Court render an Order granting the defendant a summary judgment, dismissing the amended Complaint in all respects and granting the defendant such other and further relief as the Court may deem just and proper.

Dated: November 8, 2021

_____
**/S/**
Mark C. Rushfield, Esq.
