**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
———————————————————————

**CAROL MELTON,**

                         **Plaintiff,**

       -against-


**POUGHKEEPSIE CITY SCHOOL DISTRICT,**        **Civil Action No.19-CV-09755 (VB)**

                      **Defendant.**
———————————————————————




**MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**




Respectfully submitted:

**SHAW, PERELSON, MAY & LAMBERT, LLP**
Attorneys for Defendant
Mark C. Rushfield, Esq., Of Counsel
21 Van Wagner Road
Poughkeepsie, New York 12603
(845) 486-4200


On the Brief:
Mark C. Rushfield, Esq.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...........................................................................ii

PRELIMINARY STATEMENT ....................................................................1

STATEMENT OF THE FACTS ....................................................................3

ARGUMENT

    POINT 1 THE STANDARD OF REVIEW UPON THE
           INSTANT MOTION ..........................................................10

    POINT II THE PLAINTIFF IS COLLATERALLY ESTOPPED
           FROM ASSERTING HER RETALIATION CLAIMS
           REGARDING THE MOVEMENT OF THE MEDIA
           CENTER DURING THE 2020-2021 SCHOOL YEAR,
           REGARDING BEING DENIED SUBSTITUTE PAY
           IN OCTOBER AND NOVEMBER OF 2020 AND
           REGARDING HER BEING SUBJECTED TO
           EDUCATION LAW SECTION 3020-A CHARGES IN
           THIS ACTION..................................................................16

    POINT III THE PLAINTIFF LACKS STANDING TO ASSERT
           CLAIMS OF THE BLACK AND LATINO
           COALITION, INC. AS TO A CHALLENGE TO THE
           DISTRICT'S 2017 AND 2018 DECISIONS NOT TO
           AWARD AN EMPIRE GRANT TO THAT
           CORPORATION..................................................................17

    POINT IV THE PLAINTIFF CANNOT ESTABLISH THAT THE
           CONDUCT OF WHICH THE PLAINTIFF
           COMPLAINS VIOLATED TITLE VII OF THE CIVIL
           RIGHTS ACT ..................................................................17

        A. The Plaintiff Fails to Establish a *Prima Facie* Case..................17

        B. The Plaintiff Does Not Meet Her Burden of
           Establishing Pretext and that the Real Reason for
           Her Being Subjected to the Adverse Employment
           Actions of which She Complains Was Discrimination
           or Unlawful Retaliation ..................................................18

CONCLUSION .........................................................................20

i

# TABLE OF AUTHORITIES

PAGE

## CASES

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) .......................................................... 11

*Baguer v. Spanish Broad. Sys., Inc.*,
   04 CIV. 8393 (RJS), 2010 WL 2813632 (S.D.N.Y. July 12, 2010),
   *aff'd,* 423 F. App'x 102 (2d Cir. 2011) .......................................................... 13

*Batchelor v. City of New York*,
   12 F. Supp. 3d 458 (E.D.N.Y. 2014) .......................................................... 13

*Bickerstaff v. Vassar Coll.*,
   196 F.3d 435 (2d Cir. 1999) .......................................................... 13, 14

*Burkybile v. Bd. of Educ.*,
   411 F.3d 306 (2d Cir. 2005) .......................................................... 16

*Burlington Northern & Santa Fe Ry. v. White*,
   548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006) .......................................................... 13

*Carey v. Crescenzi*,
   923 F.2d 18 (2d Cir. 1991) .......................................................... 11

*Celotex Corp. v. Catrett*,
   477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) .......................................................... 11

*City of Yonkers v. Otis Elevator Co.*,
   844 F.2d 42 (2d Cir. 1988) .......................................................... 11

*Dister v. Continental Group, Inc.*,
   859 F.2d 1108 (2d Cir. 1988) .......................................................... 11

*Grady v. Affiliated Cent., Inc.*,
   130 F.3d 553 (2d Cir. 1997),
   *cert. denied*, 525 U.S. 936, 119 S. Ct. 349, 142 L. Ed. 2d 288 (1998) .......................................................... 14

*Hollander v. American Cyanamid Co.*,
   172 F.3d 192 (2d Cir. 1999) .......................................................... 20

*Irvine v. Video Monitoring Servs. of Am., L.P.,*
    98 Civ. 8725 (NRB), 2000 U.S. Dist. LEXIS 5461,
    2000 WL 502863 (S.D.N.Y. April 27, 2000) ........................................................... 13

*James v. New York Racing Ass'n,*
    233 F.3d 149 (2d Cir 2000)....................................................... 14, 15, 16, 19

*Jute v. Hamilton Sundstrand Corp.,*
    420 F.3d 166 (2d Cir. 2005)..................................................................... 12

*Lizardo v. Denny's, Inc.,*
    270 F.3d 94 (2d Cir. 2001)................................................................. 12, 15

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
    475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)............................. 11

*McDonnell Douglas Corp. v. Green,*
    411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)........................ 12, 14, 15

*McLee v. Chrysler Corp.,*
    38 F.3d 67 (2d Cir. 1994).......................................................................... 12

*Meiri v. Dacon,*
    759 F.2d 989 (2d Cir. 1985)................................................................. 12, 14

*Melton v. Poughkeepsie City Sch. Dist.,*
    16 CV 09701 (VB),   2019 U.S. Dist. LEXIS 163254 ( ............................... 1, 13, 20

*Monte v. Ernst & Young LLP,*
    330 F.Supp. 2d 350 (S.D.N.Y. 2004), *aff'd* 148 Fed. App'x. 43 (2d Cir. Sept. 7, 2005) ......... 15

*Phillips v. Tobin,*
    548 F.2d 408 (2d Cir. 1976).......................................................................... 17

*Reeves v. Sanderson Plumbing Prods., Inc.,*
    530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)................................. 15, 20

*Schnabel v. Abramson,*
    232 F.3d 83 (2d Cir. 2000)........................................................................ 15, 19

*Shapiro, Bernstein & Co. v. Continental Record Co.,*
    386 F.2d 426 (2d Cir. 1967).......................................................................... 17

*Slattery v. Swiss Reinsurance America Corp.,*
    248 F.3d 87 (2d Cir. 2001)................................................................. 14, 15, 20

iii

*Societe Magnus & Co. v. Einstein*,
    20 F.R.D. 38 (S.D.N.Y. 1956) ................................................................ 17

*St. Mary's Honor Ctr. v. Hicks*,
    509 U.S. 502, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993) ......................... 12, 14, 19

*Washington v. New York City Dep't of Educ.*,
    740 Fed. App'x. 730 (2d Cir. July 9, 2018) ............................................. 16

*Western World Ins. Co. v. Stack Oil, Inc.*,
    922 F.2d 118 (2d Cir. 1990)................................................................... 11

*Woodman v. WWOR-TV, Inc.*,
    411 F.3d 69 (2d Cir. 2005).................................................................... 13

*Wright v. Jewish Child Care Ass'n of N.Y.*,
    68 F. Supp. 3d 520 (S.D.N.Y. 2014)...................................................... 13

*Zimmermann v. Assocs. First Capital Corp.*,
    251 F.3d 376 (2d Cir. 2001).................................................................. 15, 19

## STATUTES

Fed. R. Civ. P. 56 ...................................................................................... 2

Fed. R. Civ. P. 56(d) ................................................................................. 11

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq ...................................... 1, 12

New York State Education Law § 3020-a ......................................................... 2, 9, 16, 18

## PRELIMINARY STATEMENT

This action has proceeded before the Court on an amended Complaint ("Amended Complaint") filed on December 30, 2020. That filing followed the Court's grant of a summary judgment to the Defendant (also referred to hereinafter as the "District") in *Melton v. Poughkeepsie CSD,* 16 CV 09701 (VB) (hereinafter "Action 1"), concerning claims of discrimination and retaliation for the period through the end of the 2016-17 school year,[1]  which asserted many of the same kinds of claims as are asserted in the instant case. It also followed an attempt by the *pro se* Plaintiff to thereupon reopen Action 1 to assert her post-June 23, 2017 claims of retaliation or discrimination before the Court in Action 1 by the filing of a new Complaint that was identical to the initial Complaint in the instant action.[2]

The Amended Complaint asserts a federal cause of action by the Plaintiff, an African-American woman, for race discrimination and retaliation[3]  (for the filing of her original Complaint in, and the commencement of, Action 1), under Title VII of the Civil Rights Act of 1964, based upon actions of the defendant Poughkeepsie City School District from June 24, 2017 forward in

---

1 *Melton v. Poughkeepsie City Sch. Dist.*, 16 CV 09701 (VB), 2019 U.S. Dist. LEXIS 163254 (S.D.N.Y. September 23, 2019).

2 Memorandum Endorsement dated September 26, 2019 in 16-CV-09701 with attachments thereto at Exhibit B to Rushfield Affirmation; new Complaint attempted in 16-CV-09701 at Exhibit C to Rushfield Affirmation.

3 Although the Amended Complaint asserts race discrimination as well as retaliation, none of the allegations at the Attachment A thereto, other than some references to an incident regarding training for a position the Plaintiff was not interested in training for at paragraph numbered 8 of Attachment A make any claim that indicates some racial factor was involved in how the Plaintiff was treated. *Attachment A to Amended Complaint at paragraph 8 at Exhibit A to Rushfield Affirmation; Transcript of deposition of the Plaintiff at page 185, line 9 to page 227, line 21 at Exhibit F to Rushfield Affirmation; Defendant Deposition Exhibit P at Exhibit S to Rushfield Affirmation.*

regard to (1) the assignment of "permanent" (as opposed to "substitute") extra-duty teaching assistant appointments for before- or after-school teaching assistant positions and extended-school-year (i.e., summer school) teaching assistant appointments to other teaching assistants (whether Caucasian, African-American or of a different race) who were junior in District-wide seniority to the Plaintiff, (2) the Plaintiff not receiving substitute pay for remote substitution of an absent teacher commencing in late October of 2020, (3) the District's docking from the plaintiff's salary of two days of wages, (4) the action of Morse Principal Elting-Dargan in moving a media center/computer lab room during the 2020-2021 school year to which the Plaintiff had been assigned prior to the 2020-2021 school year, (5) Empire Grants not being approved by the District for "my organization," (6) the District's allegedly threatening to not pay the Plaintiff for sick days, (7) the District having brought allegedly unfounded Education Law § 3020-a charges against the Plaintiff and (8) a plethora of perceived slights, including (a) the media center/computer lab room to which the Plaintiff had been assigned before the 2020-2021 school year not having an air conditioner, (b) an earlier attempt of Morse Principal Dargan to move the media center/computer lab, (c) the District not settling Action 1 because of the alleged actions of the former Superintendent of Schools and counsel for the District in Action 1 in failing to facilitate such a settlement (rather than proceed, successfully, to a summary judgment for the Defendant) and (d) the Plaintiff allegedly being treated rudely and not permitted to complete training for a program at the Poughkeepsie Middle School.[4]

The parties having engaged in discovery, the defendant District now moves for summary judgment pursuant to Fed. R. Civ. P. 56.

---

4  Attachment A to the Amended Complaint at Exhibit A to the Rushfield Affirmation.

## STATEMENT OF THE FACTS

In the interest of brevity, for a complete recitation of the relevant material facts in this case, the Court is referred to the Defendant's Rule 56.1 Statement in Support of Motion for Summary Judgment, the affidavits of Yvonne Palmer, Dr. Ronel Cook and Nadine Elting-Dargan and the Declaration of Dr. David Scott, and the exhibits submitted with those affidavits, the Affirmation of Mark C. Rushfield, Esq., and the exhibits submitted therewith, and the Affirmation of Kate I. Reid, Esq., and the exhibits submitted therewith. Nonetheless a summary of those facts follows.

The Plaintiff has been employed by the District as a teaching assistant at the District's Morse Elementary School ("Morse") since September 14, 2015.[5]

As a general policy observed by the District, teaching assistant assignments for paid extra-service positions are not made based upon the relative seniority of the applicants, but are granted automatically to interested teaching assistants who occupied those positions in the prior year, without receiving a negative evaluation, and otherwise consider the needs of the program and experience of teaching assistants in performing the duties of the program in the school involved; race has played no role in that determination.[6] Further, as regards before- and after-school

---

5 Affidavit of Nadine Elting-Dargan at para. 1; Transcript of deposition of the Plaintiff at page 9, lines 18-24 at Exhibit F to Rushfield Affirmation.

6 Affidavit of Yvonne Palmer at para. 2; Affidavit of Nadine Elting-Dargan at paras. 4-6; Affidavit of Dr. Ronel Cook in 16-CV-09701 at paras. 11 and 29 at Exhibit D to Rushfield Affirmation; Affidavit of Yvonne Palmer in 16-CV-09701 at para. 4 at Exhibit A to Affidavit of Yvonne Palmer; Transcript of deposition of Plaintiff in 16-CV-09701 at page 78, lines 19-21, page 89, line 25 to page 90, line 19 and page 211, line 19 to page 212, line 13 at Exhibit E to Rushfield Affirmation.

The administrators involved in making the recommendations for teaching assistant extra-duty positions of which the Plaintiff complains, as well as members of the Board of Education who make the ultimate appointments, are of the same African-American race as the Plaintiff. *Affidavit of Nadine Elting-Dargan at para. 2; Affidavit of Yvonne Palmer in 16-CV-09701 at para. 2 at Exhibit A to Affidavit of Yvonne Palmer; Transcript of deposition of Plaintiff in 16-CV-09701 at page 340, lines 20-22 at Exhibit E to Rushfield Affirmation.*

programs, such assignments are given to teaching assistants based in the school in which the program is being held because scheduling of the programs so requires, so that Plaintiff would only be considered for appointment to such an extra-duty position at Morse, the school to which she is assigned during the school year.[7] As a consequence of the above, Sarah Herman, a teaching assistant at Morse (who was, in fact, senior to the Plaintiff) received the Morse before- and after-school teaching assistant position at Morse rather than the Plaintiff being considered for it.[8]

Appearance at a group interview for the 2017 Extended School Year [ESY] Summer Program for Students with Disabilities teaching assistant position for the summer of 2017 that the Plaintiff refers to at paragraph 1 of Attachment A to the Complaint and that the Plaintiff claimed an email said was mandatory, was not presented through the email as being mandatory.[9]

Maryann Baker, whom Plaintiff claims should not have been considered over Plaintiff for extra-duty teaching assignments on the basis that she was not a certified teaching assistant, a claim made in Action 1 as well, was determined by the District to be one of the two most senior "teaching assistants" in the District; the Plaintiff admits she has no basis for disputing that determination as having been made, and Baker had been regularly assigned to paid "teaching assistant" summer programs (i.e., extended school year or "ESY") for more than 30 years.[10]

---

7 Affidavit of Nadine Elting-Dargan at paras. 7 and 8; Declaration of Dr. David Scott at para. 2; Affidavit of Dr. Ronel Cook in 16-CV-09701 at paras. 22-24 and Exhibit F thereto at Exhibit D to Rushfield Affirmation.

8 Transcript of deposition of the Plaintiff at page 110, line 14 to page 113, line 13 at Exhibit F to Rushfield Affirmation; Affidavit of Nadine Elting-Dargan at para. 6.

9 Transcript of deposition of the Plaintiff at page 28, line 11 to page 29, line 7 at Exhibit F to Rushfield Affirmation; Rushfield Affirmation para. 12 and Exhibit K thereto

10 Affidavit of Dr. Ronel Cook in 16-CV-09701 at para. 41 at Exhibit D to Rushfield Affirmation; Affidavit of Yvonne Palmer in 16-CV-09701 at para.4 at Exhibit A to Affidavit of Yvonne Palmer; Transcript of deposition of the Plaintiff at page 75, lines 7-14 at Exhibit F to Rushfield Affirmation.

Concerning the Plaintiff not receiving substitute pay for remote substitution of an absent teacher commencing in late October of 2020, the Plaintiff was not authorized by the District to serve as a substitute for the nine remote teaching sessions, commencing October 26, 2020, for which the Plaintiff sought substitute pay because she had refused to appear for work at Morse despite being ordered to do so, and the Plaintiff was so advised by Morse Principal Elting-Dargan on October 25, 2020 that she would not be paid for acting as a substitute under those circumstance.[11]  This issue was fully litigated before the Hearing Officer in the 3020-a proceedings against the Plaintiff, in which the Plaintiff claimed the charges were part of a course of action of retaliation against the Plaintiff for her prior claims of race discrimination.[12]

---

11  Page 218, line 14 to page 222, line 7 and page 224, line 3 to page 225, line 20 at Volume I of transcript of 3020-a proceedings at Exhibit A to Affirmation of Kate I. Reid, Esq; Opinion and Order at page 36 thereof at Exhibit B to the Affidavit of Dr. Timothy Wade; Page 314, lines 11-22 at Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.; page 315, lines 16-21 at Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.; page 316, line 16 to page 317, line 5 at Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.; page 416, line 4 to page 418, line 25 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq; page 440, line 16 to page 442, line 19 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.; District Exhibit 23 to 3020-a proceedings at Exhibit H to Affirmation of Kate I. Reid, Esq.; Page 94, line 5 to page 100, line 6 at Volume I of transcript of 3020-a proceedings at Exhibit A to Affirmation of Kate I. Reid, Esq.; page 312, line 9 to page 320, line 20 at Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.; page 388, line 17 to page 390, line 5 at Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.; page 396, line 23 to page 397, line 4 at Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.; page 411, line 14 to page 417, line 25 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.; page 440, line 16 to page 444, line 8 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.; page 572, lines 4-25 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.; page 682, line 16 to page 683, line 5 at Volume V of transcript of 3020-a proceedings at Exhibit E to Affirmation of Kate I. Reid, Esq.; page 736, line 123 to page 740, line 8 at Volume VI of transcript of 3020-a proceedings at Exhibit F to Affirmation of Kate I. Reid, Esq.; page 750, line 21 to page 752, line 12 at Volume VI of transcript of 3020-a proceedings at Exhibit F to Affirmation of Kate I. Reid, Esq.; page 795, line 22 to page 801, line 11 at Volume VI of transcript of 3020-a proceedings at Exhibit F to Affirmation of Kate I. Reid, Esq.; Respondent Exhibit 2 to 3020-a proceedings at Exhibit G to Affirmation of Kate I. Reid, Esq.; District Exhibit 23 to 3020-a proceedings at Exhibit H to Affirmation of Kate I. Reid, Esq,

12  Page 94, line 5 to page 100, line 6 at Volume I of transcript of 3020-a proceedings at Exhibit A to Affirmation of Kate I. Reid, Esq.; page 312, line 9 to page 320, line 20 at Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.; page 388, line 17 to page 390, line 5 at

Concerning the District's docking from the plaintiff's salary of two days of wages, this involved two days of pay for which the Plaintiff was not at work for the District, but had instead taken a "business day" to attend a Public Employment Relations Board ("PERB") conference or hearing regarding charges she had brought against her union. The Plaintiff was not entitled to be paid for those days, for which she had entered "School Business" in AESOP, because the Plaintiff's absence to attend the PERB conference or hearing had not been approved as "School Business" as required by District Policy 6830 and was, by the terms of that Policy, not "School Business," as the Plaintiff was not attending the PERB conference or hearing as a representative of the District, and she was, therefore, using an unauthorized use of "School Business," so that the District consequently docked the Plaintiff's pay for those two days.[13]

Concerning the action of Morse Principal Elting-Dargan in moving a media center/computer lab during the 2020-2021 school year, the media center/computer lab at Morse to

---

Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.; page 396, line 23 to page 397, line 4 at Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.; page 411, line 14 to page 417, line 25 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.; page 440, line 16 to page 444, line 8 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.; page 542, line 25 to page 543, line 2 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.; page 554, lines 2-3 and 17-18 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq,; page 572, lines 4-25 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.; page 637, line 16 to page 652, line 18 at Volume V of transcript of 3020-a proceedings at Exhibit E to Affirmation of Kate I. Reid, Esq.; page 682, line 16 to page 683, line 5 at Volume V of transcript of 3020-a proceedings at Exhibit E to Affirmation of Kate I. Reid, Esq.; page 736, line 123 to page 740, line 8 at Volume VI of transcript of 3020-a proceedings at Exhibit F to Affirmation of Kate I. Reid, Esq.; page 750, line 21 to page 752, line 12 at Volume VI of transcript of 3020-a proceedings at Exhibit F to Affirmation of Kate I. Reid, Esq.; page 787, lines 5-7 at Volume VI of transcript of 3020-a proceedings at Exhibit F to Affirmation of Kate I. Reid, Esq.; page 795, line 22 to page 801, line 11 at Volume VI of transcript of 3020-a proceedings at Exhibit F to Affirmation of Kate I. Reid, Esq.; Respondent Exhibit 2 to 3020-a proceedings at Exhibit G to Affirmation of Kate I. Reid, Esq.; District Exhibit 23 to 3020-a proceedings at Exhibit H to Affirmation of Kate I. Reid, Esq.

  13 Defendant Deposition Exhibit BB at Exhibit Q to Rushfield Affirmation; District Policy 6830 at Exhibit R to Rushfield Affirmation; Transcript of deposition of the Plaintiff at page 166, line 11 to page 177, line 15 at Exhibit F to Rushfield Affirmation.

which the Plaintiff was assigned during the 2020-21 school year was moved to a classroom in the Morse basement that was being used as a storage room (hereinafter "PE room") for Physical Education teachers to store their equipment because (1) that PE room was the only available classroom in Morse; (2) a new classroom had to be created for a new group of students for a self-contained special education class coming into Morse for the 2020-2021 school year; (3) the PE room was not deemed a safe classroom for the class because its emergency escape from that room involved having to climb a ladder and remove a grate and (4) the media center/computer lab was no longer required to be maintained as a classroom for students to use computers since all students now had Chromebooks assigned to them and the Plaintiff could, therefore, go to students' classrooms to work with them rather than have classes of students come to the media center/computer lab to meet with the Plaintiff.[14] This issue was fully litigated during the 3020-a proceedings against the Plaintiff as a claim of a course of retaliation against the Plaintiff by the District for the Plaintiff's earlier complaints of race discrimination.[15]

Concerning the claim that Empire Grants in 2017 and 2018 were not approved by the District for "my organization," the Plaintiff is referring to a corporation, The Black and Latino Coalition, Inc., from which the Plaintiff, as a volunteer, receives no compensation.[16] The Black

---

14 Deposition transcript of Nadine Elting-Dargan at page 31, line 7 to page 71, line 16 at Exhibit P to Rushfield Affirmation.

15 Page 354, line 20 to page 361, line 16 at Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.; page 371, line 13 to page 376, line 18 at Volume II of transcript of 3020-a proceedings at Exhibit B to Affirmation of Kate I. Reid, Esq.; page 419, line 22 to page 421, line 12 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.; page 429, line 11 to page 430, line 9 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.; page 436, line 12 to page 438, line 6 at Volume III of transcript of 3020-a proceedings at Exhibit C to Affirmation of Kate I. Reid, Esq.

16 Transcript of deposition of the Plaintiff at page 115, line 19 to page 116, line 3 and at page 117, line 20 to page 123, line 25 at Exhibit F to Rushfield Affirmation.

and Latino Coalition, Inc. is not a party to this action and has itself asserted no claim against the District in this action. As more fully set forth below, the Plaintiff has no standing to assert that corporate claim, and the corporation could not be represented by the *pro se* Plaintiff even if it had joined in this action against the District.

The Black and Latino Coalition, Inc. had been rejected for Empire Grants by the District multiple times since 2014, well before the Plaintiff had commenced filing EEOC or judicial complaints of either discrimination or retaliation.[17] Further, and in any event, the system of the selection of Empire Grant recipients by the District is a "blind process" by which an audit committee comprised of three to five persons, some of whom may be community members, is presented with Requests for Proposals with the names and any identifying information of the applicants redacted and replaced with numbers, and the proposals are scored based on a rubric; the audit committee, whose members do not know the identity of the applicants individually, score each individual applicant, and their scores are tallied up and those tallies are submitted on a sheet; the tally sheets are returned for submission to the Superintendent of Schools, who is made aware of the identities of the highest-ranked CBO-applicants and provides a resolution to the Board of Education to consider for purposes of entering into a contract with those highest-ranked applicants.[18] There is no evidence that could establish that the District's Superintendent of Schools or Board of Education was retaliating against the Plaintiff in its determination to not award an Empire Grant to The Black and Latino Coalition, Inc. on the two occasions referenced in the Amended Complaint.

---

17 Transcript of deposition of the Plaintiff at page 125, line 2 to page 126, line 19 at Exhibit F to Rushfield Affirmation.

18 Deposition transcript of Natasha Cherry at page 16, lines 6-12, at page 17, line 13 to page 26, line 18 and at page 33, line 17 to page 44, line 13 at Exhibit O to Rushfield Affirmation.

Concerning the District's allegedly threatening to not pay her for sick days, this allegation refers to a September 28, 2020 letter from Dr. Wade to the Plaintiff in which he confirmed to the Plaintiff that "[a]ll teaching assistants were instructed to report to their assigned building effective September 9, 2020," directed the plaintiff to report to Morse for work and advised the Plaintiff that for each day that the Plaintiff failed to report for work at Morse, "a leave day/sick will be deducted from your accrual."[19] This was pursuant to the District's policy in September 2020, which was communicated to all employees of the District and their unions, that all employees other than teachers were required to report for work at their assigned building locations or use their sick leave days unless they received an order of quarantine.[20]

Concerning the District having allegedly brought unfounded Education Law § 3020-a charges against the Plaintiff, the District's Board of Education brought Education Law § 3020-a disciplinary charges against the Plaintiff on November 4, 2020, subsequently amended on or about April 7, 2021, relating to the Plaintiff's insubordinate refusal to appear for work at Morse, which proceeded to hearings before a duly designated Hearing Officer. That Hearing Officer sustained seven of the eight remaining charges against the Plaintiff (i.e., two of the ten charges in the Amended Charges having been the subject of a Settlement Agreement and Release) and imposed a 4½-month suspension without pay upon the Plaintiff.[21]

Concerning the claim that Morse Principal Elting-Dargan had deprived the Petitioner's media center of having an air conditioner, Principal Dargan requested that an air conditioner be

---

19 Transcript of deposition of the Plaintiff at page 242, line 2 to page 243, line 17 at Exhibit F to Rushfield Affirmation; Deposition Exhibit AA at Exhibit T to Rushfield Affirmation.

20 Deposition transcript of Dr. Timothy Wade at page 79, line 17 to page 80, line 13, at page 81, line 19 to page 82, line 11, and at page 83, line 15 to page 84, line 19 at Exhibit U to Rushfield Affirmation.

21 Affidavit of Dr. Timothy Wade at paras. 2-6 and Exhibits A, B and C thereto.

placed in that room, but the District's policy did not authorize the installation of an air conditioner in that room for the Plaintiff and none was, consequently, provided.[22]

Concerning the claim that Plaintiff was treated rudely and not permitted to complete training, the training opportunity was for a teaching assistant position in a new STEM lab at the Poughkeepsie Middle School, a position as to which the Plaintiff subsequently notified Interim Superintendent Farrell in advance of the last (i.e., fourth) day of such training that she was not interested in, as a result of which she was denied the last day of training that was being provided to the Plaintiff (in addition to two teachers) for that teaching assistant position at the Middle School; this did not result in the Plaintiff being denied any position for which she had an interest, and the Plaintiff has no information that would support a claim that the District's actions concerning these allegations were either acts of racial discrimination or acts of retaliation for the Plaintiff's EEOC complaint(s) or her Complaint in Action 1.[23]

## ARGUMENT

### POINT I

### THE STANDARD OF REVIEW UPON THE INSTANT MOTION

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

---

22 Deposition transcript of Nadine Elting-Dargan at page 76, line 14 to page 81, line 7 at Exhibit P to Rushfield Affirmation.

23 Amended Complaint Attachment A at Exhibit A to Rushfield Affirmation; Transcript of deposition of the Plaintiff at page 185, line 9 to page 227, line 21 at Exhibit F to Rushfield Affirmation; Defendant Deposition Exhibit P at Exhibit S to Rushfield Affirmation.

of law." Fed. R. Civ. P. 56(d). A genuine issue for trial exists if, based on the record as a whole, a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). On a motion for summary judgment, all evidence must be viewed and all inferences must be drawn in the light most favorable to the non-moving party. *City of Yonkers v. Otis Elevator Co.*, 844 F.2d 42, 45 (2d Cir. 1988). A party seeking summary judgment bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Upon the movant satisfying that burden, the onus then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. At this stage, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Bald assertions or conjecture unsupported by evidence are insufficient to overcome a motion for summary judgment. *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991); *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990).

Even though the Defendant's intent is necessarily involved in an employment discrimination case such as the instant one, the Plaintiff "must nevertheless offer 'concrete evidence from which a reasonable juror could return a verdict in [her] favor,' . . . and is not entitled to a trial simply because the determinative issue focuses upon the defendant's state of mind." *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988) (internal citation omitted).   As the Court of Appeals for this Circuit has stated, "the summary judgment rule would be rendered

sterile . . . if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion. Indeed, the salutary purposes of summary judgment – avoiding protracted, expensive, and harassing trials – apply no less to discrimination cases than to commercial or other areas of litigation." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985); see also *McLee v. Chrysler Corp*., 38 F.3d 67 (2d Cir. 1994).   Rather, confronted with a properly supported summary judgment motion, the Plaintiff must come forward with evidence sufficient to allow a reasonable jury to find in her favor. *Lizardo v. Denny's, Inc*., 270 F.3d 94, 101 (2d Cir. 2001) (citing to *McCarthy v. New York City Technical Coll*., 202 F.3d 161, 167 [2d Cir. 2000]).

It is incumbent upon the Court in a discrimination case "to examine the entire record" to determine whether the Plaintiff can satisfy her "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff." *Lizardo*, 270 F.3d at 101 (citing *Schnabel v. Abramson*, 232 F.3d 83, 90 [2d Cir. 2000] [quoting *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 143, 120 S. Ct. 2097, 2106, 147 L. Ed. 2d 105 (2000)]). "The test for summary judgment is whether the evidence can reasonably support a verdict in plaintiff's favor."

The Plaintiff's claims of employment discrimination, as well as retaliation, under Title VII of the Civil Rights Act of 1964, are subject to review pursuant to the three-part burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506, 113 S. Ct. 2742, 2746-47, 125 L. Ed. 2d 407 (1993); *Jute v. Hamilton Sundstrand Corp.,* 420 F.3d 166, 173 (2d Cir. 2005).

The fact that the decision-makers of whose actions the Plaintiff complains, i.e., then Director of Instructional Support Services Palmer, Morse Principal Elting-Dargan and members of the District's Board of Education, are all of the same race as the Plaintiff undermines any

inference of race discrimination and should lead the Court to draw an inference against race discrimination as concerns the actions of which the Plaintiff complains. *Melton v. Poughkeepsie City Sch. Dist.*, 16 CV 09701 (VB). 2019 U.S. Dist. LEXIS 163254, *25 (S.D.N.Y. Sept. 24, 2019); *Baguer v. Spanish Broad. Sys., Inc*., 04 CIV. 8393 (RJS), 2010 WL 2813632, at *11 (S.D.N.Y. July 12, 2010), *aff'd,* 423 F. App'x 102 (2d Cir. 2011) ("Courts draw an inference against discrimination where the person taking the adverse action is in the same protected class as the effected employee."). Further, the only allegation of the Plaintiff that appears to raise an issue of race – the interactions with District staff at the Poughkeepsie Middle School relating to training for a position at that school that the Plaintiff would not consider -- does not constitute a material adverse action upon which a claim of discrimination may lie; nor does it and the others asserted by the Plaintiff that did not result in any pecuniary loss to the Plaintiff rise to such an adverse action as required for a retaliation claim. *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345, 359-360, 2006 U.S. LEXIS 4895, *27-28 (2006); *Batchelor v. City of New York,* 12 F. Supp. 3d 458, 470 (E.D.N.Y. 2014); *Irvine v. Video Monitoring Servs. of Am., L.P.*, 98 Civ. 8725 (NRB), 2000 U.S. Dist. LEXIS 5461, *10-13, 2000 WL 502863 (S.D.N.Y. April 27, 2000).

Assuming that the Court finds that the Plaintiff meets her burden of establishing a *prima facie* case, the burden of production shifts to the District, which "must proffer a legitimate, nondiscriminatory reason for the challenged employment action." *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 76 (2d Cir. 2005) (internal quotation marks omitted). The District's burden of production in this regard is not a demanding one; the District need only offer such an explanation for its employment decisions. Although this burden of production is upon the District, the ultimate burden of persuasion remains always with the plaintiff. *Bickerstaff v. Vassar Coll*., 196 F.3d at 447

13

(2d Cir. 1999). "Once the employer has proffered its nondiscriminatory reason, the employer will be entitled to summary judgment . . . unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination." *James v. New York Racing Ass'n*, 233 F.3d 149, 154 (2d Cir 2000).

Once the District has met this burden of production, "the factual inquiry proceeds to a new level of specificity." *St. Mary's Honor Ctr.*, 509 U.S. at 516. "The inquiry now turns from the few generalized factors that establish a prima facie case to the specific proofs and rebuttals of discriminatory motivation the parties have introduced." *St. Mary's Honor Ctr.*, 509 U.S. at 516. The Plaintiff must now provide enough evidence of pretext that a rational fact finder could conclude that the District's "presumptively valid reasons" for its decisions "were in fact a coverup" for a discriminatory or illegal retaliatory decision. *McDonnell Douglas*, 411 U.S. 805. The Plaintiff's burden of establishing pretext is a higher burden than that required to establish her *prima facie* case, because at this stage the plaintiff is without the benefit of any presumptions. At this stage, the plaintiff's "initially vague allegation of discrimination" must be "increasingly sharpened and focused." *Meiri*, 759 F.2d at 995.

A plaintiff attempting to establish pretext "may not prevail by establishing only [falsity], but must prove, in addition, that a motivating reason was discrimination." *Bickerstaff*, 196 F.3d at 447 (internal quotation marks and citations omitted). To survive a motion for summary judgment, the Plaintiff must do more than "contradict[] the employer's given reason," *James*, 233 F.3d at154; she must additionally submit "evidence sufficient to allow a rational factfinder to infer that the employer was actually motivated in whole or in part by . . . discrimination." *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 560 (2d Cir. 1997), *cert. denied*, 525 U.S. 936, 119 S. Ct. 349, 142 L. Ed. 2d 288 (1998); see also *Slattery v. Swiss Reinsurance America Corp.*, 248 F.3d 87, 94 (2d Cir.

14

2001), *Lizardo,* 270 F.3d at104 and *James*, 233 F.3d at 155 n.1 (each holding that a denial of the proffered reason for discrimination does not reasonably support an inference of discrimination).

Conclusory assertions of discrimination or retaliation and hearsay proffers are insufficient to demonstrate that the District's proffered legitimate reasons for its challenged actions are pretextual, much less to satisfy the plaintiff's "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated [or retaliated] against" her for reasons prohibited by law. *Schnabel*, 232 F.3d at 90. A record that simply includes evidence of a *prima facie* case and evidence permitting a finding of pretext does not suffice to permit a finding of discrimination or retaliation. *Slattery*, 248 F.3d at 94; *James,* 233 F.3d at157; *Schnabel*, 232 F.3d at 91; *Zimmermann v. Assocs. First Capital Corp*., 251 F.3d 376, 382 (2d Cir. 2001)**.**

The Plaintiff's potential ability to establish a genuine issue of material fact as to whether a reason given is pretextual would still not permit her to withstand summary judgment where the Plaintiff is unable to establish a genuine issue of material fact as concerns the remaining reasons proffered for the District's decisions. *Monte v. Ernst & Young LLP*, 330 F.Supp. 2d 350, 362-363 (S.D.N.Y. 2004), *aff'd* 148 Fed. App'x. 43, 45 (2d Cir. Sept. 7, 2005).

Further, where "the plaintiff creates only a weak issue of fact as to whether the District's reason was untrue and there is abundant and uncontroverted independent evidence that no discrimination had occurred," the District is entitled to judgment as a matter of law. *Reeves*, 530 U.S. at 148.

In engaging in the examination of the record under the three-step, burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, the Court is to consider such relevant factors as the strength of the plaintiff's *prima facie* case, the probative value of the proof, if any,

that the District's explanations are false and any other evidence that supports [or undermines] the

District's case. *James*, 233 F.3d at 156.

### POINT II

**THE PLAINTIFF IS COLLATERALLY ESTOPPED FROM ASSERTING HER RETALIATION CLAIMS REGARDING THE MOVEMENT OF THE MEDIA CENTER DURING THE 2020-2021 SCHOOL YEAR, REGARDING BEING DENIED SUBSTITUTE PAY IN OCTOBER AND NOVEMBER OF 2020 AND REGARDING HER BEING SUBJECTED TO EDUCATION LAW SECTION 3020-a CHARGES IN THIS ACTION**

In the instant case, the Plaintiff's claims that in being denied substitute pay, in her media

center/computer lab being moved by Morse Principal Elting-Dargan and in the Education Law

§ 3020-a Charges having been brought against her she was the subject of retaliation for her earlier

discrimination complaints to the EEOC and this Court were also raised as her defense to the

Education Law § 3020-a Charges. Those claims were fully litigated before the Education Law

§ 3020-a Hearing Officer, who found that those defenses were unavailing and without merit. As

such, the Plaintiff is collaterally estopped from asserting those claims before this Court.

*Washington v. New York City Dep't of Educ.*, 740 Fed. App'x. 730, 732-734 (2d Cir. July 9, 2018);

*Burkybile v. Bd. of Educ.*, 411 F.3d 306, 310 and 311-312 (2d Cir. 2005).

### POINT III

**THE PLAINTIFF LACKS STANDING TO ASSERT CLAIMS OF THE BLACK AND LATINO COALITION, INC. AS TO A CHALLENGE TO THE DISTRICT'S 2017 AND 2018 DECISIONS NOT TO AWARD AN EMPIRE GRANT TO THAT CORPORATION**

The claims in this action concerning the failure of The Black and Latino Coalition, Inc. to

be awarded Empire Grants by the District in 2017 and 2018 are vested in that corporate entity,

16

which is a necessary party as concerns those claims. *Societe Magnus & Co. v. Einstein*, 20 F.R.D. 38, 39-40 (S.D.N.Y. 1956). The Plaintiff lacks standing to assert those claims on its behalf in this action, and The Black and Latino Coalition, Inc.'s failure to be a party in this action and to be represented by counsel (rather than by a *pro se* plaintiff) in this action requires this Court to dismiss the Plaintiff's claims that the denial of the Empire Grants to that corporation was an act of retaliation against the Plaintiff. *Phillips v. Tobin*, 548 F.2d 408, 411 (2d Cir. 1976); *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967).

### POINT IV

### THE PLAINTIFF CANNOT ESTABLISH THAT THE CONDUCT OF WHICH THE PLAINTIFF COMPLAINS VIOLATED TITLE VII OF THE CIVIL RIGHTS ACT

**A. The Plaintiff Fails to Establish a *Prima Facie* Case**

In this case, the Plaintiff can show that she is a member of a protected class. Arguably she may be able to show that she suffered an "adverse employment action" when the District's administrators chose not to recommend her for appointment to "permanent" (as opposed to substitute) before- or after-school or summer teaching assistant extra-pay assignments, chose not to pay her to substitute remotely for an absent teacher or docked her pay for two days for attending a PERB conference or hearing concerning a personal claim she had against her union.

The Plaintiff cannot, however, show that she had a viable claim to consideration for a permanent appointment to the teaching assistant extra assignment or extra service after-school or extended-school-year programs for extra pay over those awarded those appointments by the Board of Education based upon her claim that her seniority entitled her to such appointments, i.e., a claim already determined adversely to the Plaintiff in Action 1.

Nor can the Plaintiff assert a viable claim to be entitled to be paid for remotely substituting for the absent teacher between October 26, 2020 and November 6, 2020, as the facts establish that she was barred from providing teaching assistant services to students remotely because of her insubordinate refusal to appear for work at Morse, she had been advised of that restriction on October 25, 2020 by Morse Principal Dargan and the Plaintiff is collaterally estopped from challenging that determination of the District by virtue of the Education Law § 3020-a Opinion and Order of the Hearing Officer.

Nor can the Plaintiff assert a viable claim to an entitlement to be paid (and not be docked) for attending the PERB conference or hearings since her entitlement to such pay was dependent upon the Plaintiff qualifying for that benefit under District Policy 6830, i.e., a qualification she admittedly lacked.

Further, all the circumstances surrounding the District's decisions on those issues cannot reasonably be construed as supporting an inference of discrimination or retaliation for the Plaintiff's filing of her EEOC complaint or commencement of Action 1.

**B. The Plaintiff Does Not Meet Her Burden Of Establishing Pretext and that the Real Reason for Her Being Subjected to the Adverse Employment Actions of which She Complains Was Discrimination or Unlawful Retaliation**

At least to the extent that the Plaintiff has been able to identify an offending employment action of which she complains, the District has offered non-race-based, non-retaliatory reasons for each of its employment decisions vis-à-vis the Plaintiff.

Assuming that the Plaintiff is deemed to have established a *prima facie* case, in order to avoid summary judgment being granted to the District, the Plaintiff must now provide proof to the Court not only that the District's expressed reasons for its decisions were false, but also that unlawful discrimination based upon the Plaintiff's race or illegal retaliatory motives were its true

18

motivation in making those employment decisions. See *St. Mary's Honor Ctr.,* 509 U.S. at 515-16.

The Plaintiff cannot even remotely meet this burden. Indeed, the Plaintiff's evidence in this case is nothing more than supposition, beliefs and conclusory allegations. Conclusory assertions of discrimination or retaliation and unsupported beliefs are insufficient to demonstrate that the District's proffered legitimate reasons for its challenged actions are pretextual, and do not satisfy the Plaintiff's "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against" her or engaged in retaliation against her for reasons prohibited by law. *Schnabel,* 232 F.3d at 90. A record that simply includes evidence of a *prima facie* case and evidence permitting a finding of pretext does not suffice to permit a finding of discrimination (or retaliation). *Slattery,* 248 F.3d at 94; *James,* 233 F.3d at 157; *Schnabel,* 232 F.3d at 91; *Zimmermann,* 251 F.3d at 382**.**

Indeed, although the Plaintiff expresses beliefs or concerns that race or retaliation may have played a role in various of the arguably adverse employment actions of which she complains, the Plaintiff acknowledges that she has no knowledge of whether her race or prohibited retaliation played a role, or evidence to establish same, in any of the decisions she disputes.

Even if the Plaintiff could establish some issue of fact as to any of the reasons proffered by the District for her not being assigned or paid as she desired (most of which she acknowledges to be consistent with general longstanding policy of the District), as all the evidence before the Court in this case – in sworn affidavits, the deposition testimony of the Plaintiff and the documentary evidence – establishes that no discrimination based upon race or unlawful retaliation has occurred, a weak issue of fact as to whether any the District's reasons were untrue, somehow created by the Plaintiff in opposition to the instant motion, would not be a basis for denying the District summary

judgment. *Reeves*, 530 U.S. at 148; *Slattery*, 248 F.3d at 93-94; *Hollander v. American Cyanamid Co.*, 172 F.3d 192, 201-202 (2d Cir. 1999).

The Plaintiff can provide no probative evidence of an intent of the District or its administrators to engage in racial discrimination or unlawful retaliation as concerns the actions of which the Plaintiff complains. As such, even if the Plaintiff could make out a *prima facie* case, the District is entitled to summary judgment. See *Melton v. Poughkeepsie City Sch. Dist.*, 2019 U.S. Dist. LEXIS 163254.

## CONCLUSION

For the reasons set forth herein, the Defendant should be granted summary judgment, the Plaintiff's Amended Complaint should be dismissed in its entirety and the Defendant granted such other and further relief as the Court may deem just and proper.

Dated: November 8, 2018

Respectfully submitted,

**SHAW, PERELSON, MAY & LAMBERT, LLP**
Attorneys for Defendant

By: _____/S_____
    Mark C. Rushfield, Esq. (MCR0231)
    Of Counsel for the firm
    21 Van Wagner Road
    Poughkeepsie, New York 12603
    845/486-4200
    *mrushfield@shawperelson.com*